UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHAWN MICHAEL MCCOWAN,<br><br>Defendant. | Case No. 2:20-cr-00151-JAD-EJY<br><br>**ORDER** |

Before the Court is Defendant's Motion to Compel Discovery (ECF No. 41). The Court has considered Defendant's Motion, the Government's Response (ECF No. 44), and Defendant's Reply (ECF No. 50).

**I.   Background**

Shawn Michael McCowan ("Defendant") asks the Court to compel the United States of American (hereinafter the "government") to produce the searches run on a Las Vegas Metropolitan Police Department ("Metro" or "LVMPD") mobile data terminal ("MDT") by Metro Officer Turley ("Turley") after the officer conducted a traffic stop on October 23, 2020. Defendant contends that Turley deviated from the purposes of the traffic stop "by running a warrant check on passenger Andre Clark and a non-routine sex offender check on" Defendant thereby violating Defendant's Fourth Amendment Rights. ECF No. 41 at 2; *see also* ECF No. 32 (Defendant's Motion to Suppress). Defendant states that the government responds to the Motion to Suppress by arguing that Turley discovered Defendant was not in compliance with his sex offender registration requirements "through the first in a series of identical 'queries' run by … Turley over the course of the stop." ECF No. 41 at 2 *citing* ECF Nos. 36 at 6 [sic] and 36-1. Defendant argues that information on Turley's MDT is probative, "if not dispositive," of the issues presented in the Motion to Suppress. ECF No. 41 at 2. Defendant contends the government has refused to produce the information sought from the MDT claiming it is not a "document" or "object" within the meaning of Fed. R. Crim. P. 16(a)(1)(E) ("Rule 16(a)(1)(E)").

The government responds to Defendant's Motion explaining that while it produced Turley's "Declaration of Arrest, a CAD report, body worn camera footage, the associated audit logs of the body worn camera footage, and the inventory report containing information about items in the defendant's car," all of which are routinely created by LVMPD in the "ordinary course of business," the MDT queries Defendant seek are not covered by Rule 16(a)(1)(E), and the material is "not in the government's control because it does not currently exist." ECF No. 44 at 2. The government states it cannot produce what it does not have, but, that "as a courtesy[,] the government has contacted LVMPD to attempt to obtain the requested [MDT] inquiry results … ." *Id*. at 3.

Ignoring that the government contacted LVMPD regarding the MDT queries, Defendant argues on Reply that the data he seeks is crucial to his Motion to Suppress, "data" is within the production requirements of Rule 16(a)(1)(E), Defendant "should be permitted to examine the data from Officer Turley's" MDT, and that the government is in possession, custody or control of the MDT data because Metro is the investigating agency in this case. ECF No. 50 at 1-2. Defendant then cites the government's contention that LVMPD will try to create a document that may yield the data Defendant seeks, arguing that this representation demonstrates "the requested information [is] stored somewhere within … [the government's] possession, custody, or control." *Id*. at 3.

**II.    Discussion**

Rule 16(a)(1)(E) states, in relevant part, that "the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control" and "the item is material to preparing the defense." Thus, "the government has no obligation to produce information which it does not possess or of which it is unaware. It has an obligation to turn over only material ... that it has in its possession." *United States v. Cano*, 934 F.3d 1002, 1023 (9th Cir. 2019) (internal quotation marks and citation omitted). "[T]he scope of the government's obligation" turns on "the extent to which the prosecutor has knowledge of and access to the documents." *United States v. Bryan*, 868 F.2d 1032, 1035 (9th Cir.) *cert. denied*, 493 U.S. 859 (1989). In *United States v. Amaya–Manzanares,* 377 F.3d 39, 42 (1st Cir. 2004), the court explained that Rule 16(a)(1)(E) "by its terms is directed to materials that the

government actually possesses" and does "not apply to the document until it … [is] created." (Internal citations omitted.) This Court could locate no authority that would require the government to create a document in order to respond to a Rule 16(a)(1)(E) document request.

Defendant appears to assume that the searches conducted by Turley on the MDT in his patrol unit is material in existence and not something that *may* be created through a download that is either copied onto a flash drive or printed. That is, Defendant only asks for "production," and does not request access to the MDT for the purpose of reviewing what Turley did. Thus, it is clear that Defendant presupposes the searches performed exist in some produceable format. However, there is nothing before the Court that suggests that Defendant's assumption is correct except the government's courtesy contact of LVMPD in an attempt to obtain the MDT inquiries made by Turley on October 23, 2020.

In the absence of any facts demonstrating that the government has a download, printed information or access to the same, the Court finds there is nothing to compel at this time. However, the Court finds that the government, having requested the information Defendant seeks from Metro, the investigating agency, must now follow through with the request. The government must (1) determine whether the searches performed can be produced to Defendant in a format Defendant will be able to review without access to the MDT itself, and (2) promptly inform Defendant of the answer to the first of these two steps.

The hearing on Defendant's Motion to Suppress is set for February 2, 2021. In its January 4, 2021 Response to Defendant's Motion, the government stated it has contacted LVMPD to determine if it can obtain what Defendant seeks. It is now January 12, 2021. Defendant must be in possession of the information he seeks, if available, sufficiently in advance of February 2, 2021 to ensure there is time to review what is provided.

**III.    Order**

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Compel Discovery (ECF No. 41) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Plaintiff shall notify Defendant no later than January 19, 2021 whether the data Defendant seeks from the mobile device terminal pertaining to the search performed by LVMPD Officer Turley is available for production.

IT IS FURTHER ORDERED that if the MDT searches conducted by Officer Turley are available for production, they shall be produced to Defendant no later than January 26, 2021.

IT IS FURTHER ORDERED that if the searches are not available for production, the parties shall meet and confer to determine if there is some methodology that would allow counsel for Defendant a limited review of the content of the MDT pertaining to the searches conducted by Officer Turley, in his patrol unit on October 23, 2020, following the traffic stop of Defendant.

Dated this 13th day of January, 2021

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE