**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| United States of America, | Case No.: 2:20-cr-00151-JAD-EJY |
| Plaintiff | |
| v. | **Order Granting Joint Motion for an Indicative Ruling on the Parties' Request to Schedule a Change-of-Plea Hearing** |
| Shawn Michael McCowan, | |
| Defendant | [ECF No. 86] |

Defendant Shawn McCowan is charged with one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), after an officer found two guns in his car following a traffic stop. In July 2021, I granted McCowan's motion to suppress that evidence, and the government appealed.[1]

In September 2021, the parties negotiated and signed a binding plea agreement to resolve this case.[2] They now request a change-of-plea hearing so that I may consider their negotiated plea agreement. But because the suppression order is still on appeal, this court lacks jurisdiction to consider their request unless the court of appeals remands this case for further proceedings.[3] If I make an indicative ruling that I "would grant the motion . . ., the court of appeals may remand for further proceedings . . . ."[4] The parties jointly request that I do so, after which they

---

[1] ECF No. 67 (order granting motion to suppress); ECF No. 74 (notice of appeal).

[2] ECF No. 86 at 2.

[3] *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); Fed. R. App. P. 12.1.

[4] Fed. R. App. P. 12.1.

will ask the Ninth Circuit to remand.  I therefore state that I would grant the request for a change-of-plea hearing and consider the plea agreement if the Court of Appeals remands this case for that purpose.[5]

IT IS THEREFORE ORDERED that the motion for an indicative ruling on the parties' request to schedule a change-of-plea hearing **[ECF No. 86] is GRANTED.**  If the appellate court sends this case back to me, I will schedule the change-of-plea hearing and sentencing hearing for purposes of determining whether to accept the binding plea.[6]

_____
U.S. District Judge Jennifer A. Dorsey
October 4, 2021

---

[5] Fed. R. Crim. P. 37(a)(3) (If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may state . . . that it would grant the motion if the court of appeals remands for that purpose . . . .").

[6] This process will take at least two hearings because I will need to first take the plea, then evaluate the Presentence Investigation Report, before deciding whether to accept it.